**Paul E. LEGG, Plaintiff,**

v.

**HAYTER OIL COMPANY, Inc. and Phillips Petroleum Company, Defendants.**

**Civ. A. No. 2286.**

United States District Court
E. D. Tennessee,
Northeastern Division.

April 14, 1969.

James W. Fletcher, Milligan, Silvers & Coleman, Greeneville, Tenn., Powell, Goldstein, Frazer & Murphy, Atlanta, Ga., for plaintiff.

Charles R. Terry, Reed & Terry, Morristown, Tenn., for W. C. Hayter and Hayter Oil Co.

Joe A. Tilson, Taylor, Inman, Tilson & Line, Morristown, Tenn., for Phillips Petroleum Co.

## MEMORANDUM OPINION AND ORDERS

NEESE, District Judge.

After the commencement of this action but more than 10 days after answering,

the defendants W. C. Hayter and Hayter Oil Company, Inc. of Morristown, Tennessee, requested leave of the Court to cause a summons and third-party complaint to be served upon M. C. Faulkner and P. M. Lively, not parties to this action, who, it is claimed, are or may be liable to these defendants as third-party plaintiffs for all or a part of the plaintiff's claim against the named defendants, Rule 14(a), Federal Rules of Civil Procedure. The Court has had this request for leave under advisement for a considerable time because of its complex implications.

It is alleged in the original complaint that the proposed third-party plaintiff Mr. Hayter caused a criminal warrant of the state of Tennessee to be issued by the General Sessions Court of Hamblen County, charging the plaintiff Mr. Legg with the felony of obtaining merchandise under false pretenses, by using a stolen credit card to purchase automobile tires; that Mr. Hayter then delivered the warrant to the police officials of Morristown, Tennessee, who requested the police officials of Atlanta, Georgia by telegram to locate Paul E. Legg at a specified address in Atlanta and detain him for delivery to the Morristown police officials; and that the proposed third-party defendants Messrs. Faulkner and Lively interviewed the plaintiff Mr. Legg at the address thus specified but, after questioning, decided that " * * * a mistake had been made * * *" and immediately departed the residence of Mr. Legg.

In the proposed third-party complaint, the proposed third-party plaintiffs would allege that the proposed third-party defendants Messrs. Faulkner and Legg failed to use due care in the performance of their official duties to ascertain the true identity of the person against whom the Tennessee state warrant had been issued; and that, had these Atlanta officers exercised due care " * * * they would have immediately known that they had the wrong man. * * *" It is averred in the proposed third-party complaint that the person named in the warrant and telegram was Paul E. Legg, and that

the person interviewed by the proposed third-party defendants was named Paul E. Legg.

The facts proposed in the third-party complaint do not comport with the conclusionary allegation of the proposed third-party plaintiffs that the proposed third-party defendants did not act with ordinary care in investigating whether the Paul E. Legg, whom they interviewed, was the person charged with having committed the aforementioned felony in Tennessee. The third-party plaintiffs do not specify any statutory duty devolving in this situation upon the proposed third-party defendants. At common law, when a felony has been committed in one state, peace officers of another state may validly arrest without a warrant a person suspected of having committed such felony, if reasonable grounds exist for the officers' belief that the arrested person is the one who committed the crime. State v. Klein, 25 Wis. 2d 394, 130 N.W.2d 816.

Pretermitting as unnecessary to the instant adjudication the question of whether the Atlanta officers made "an arrest" of the Paul E. Legg they interviewed by detaining him momentarily for the purpose of investigative questioning, the Court finds and concludes from the pleading proposed that these proposed third-party defendants exercised ordinarily prudent care under the circumstances and ascertained that there was not extant reasonable grounds for them to believe that the plaintiff was the person who was charged with having committed this crime in Tennessee, and that he was a fugitive from Tennessee justice.

It is difficult for the Court to conceive by what procedure the Atlanta officers could have been more careful. They were apparently assigned the task of determining whether there was probable cause for them to believe that the person to whom they were referred, by name, at a specific address within their jurisdiction, by police authorities in another state, was the same person who was charged with having committed a crime in the request-

ing state and had fled from justice in the requesting state.

What would ordinarily prudent policemen performing their duties have done after receipt of this information from the police officials of Morristown, Tennessee? The answer is obvious: investigate the person to whom they were referred at a specific address and decide whether there was reasonable grounds for them to believe that the person to whom they had been referred at the place to which they had been referred was the person thus wanted in Tennessee; if so, to detain him formally; if not, to intrude on that person's privacy no further. This, the proposed third-party defendants did. Their inquiry of this person at this address convinced them that " * * a mistake had been made * * * " by someone other than themselves. Thus, they lacked reasonable grounds to believe the person they interviewed was a fugitive from Tennessee justice, and the proposed third-party defendants properly withdrew from his home.

The would-be third-party plaintiffs do not state a claim against the proposed third-party defendants on which relief could be granted, Rule 12(b) (6), Federal Rules of Civil Procedure, and this Court will not participate in transferring the blame to Atlanta policemen for " * * * a mistake * * * " which was relayed to them from Morristown, Tennessee. The request of the defendants for leave to file the proposed third-party complaint hereby is

Denied.

Further:

 The defendant Phillips Petroleum Company moves for a summary judgment, claiming that there is no genuine issue of material fact extant between this defendant and the plaintiff, and that it is entitled to judgment as a matter of law. Rule 56(b), Federal Rules of Civil Procedure. There is no merit to this motion.

The pleadings, deposition and affidavit on file show that there is such genuine issue as to material fact, *i. e.*, whether in the episode herein involved the defendants Mr. Hayter and Hayter Oil Company, Inc. of Morristown, Tennessee were agents of the defendant petroleum company. The deposition of Mr. Hayter reflects that there was such agency. The affidavit of Phillips' district manager, whose responsibility includes Morristown, Tennessee, reflects that there was not such agency.

The determination of such conflict of fact presents a genuine issue as to a material fact for resolution by a jury. F. Perlman & Co. v. Gillian, C. A. Tenn. (1961), 49 Tenn.App. 486, 507, headnote 3, 355 S.W.2d 638, 647, certiorari denied (1961); Meadows v. Patterson, C.A. Tenn. (1937), 21 Tenn.App. 283, 287, headnote 6, 109 S.W.2d 417, 420, certiorari denied (1937). This determination is so readily evident that the Court considers the motion of the defendant Phillips to be completely frivolous and wasteful of valuable time. Same hereby is

Overruled.

This action will be assigned for pretrial conference.